

# Service of Process Transmittal

10/21/2013
CT Log Number 523724906

**TO:** Erika Greenberg
PepsiCo, Inc.
700 Anderson Hill Rd.
Purchase, NY 10577

**RE:** Process Served in Indiana

**FOR:** Frito-Lay, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jackie Sheets, Pltf. vs. Frito-Lay, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Clinton County Circuit Court, IN<br>Case # 12C011310CT000844 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On August 21, 2012 - Seeking Injuctive Relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/21/2013 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | Within 23 Days |
| **ATTORNEY(S) / SENDER(S):** | Michael L. Schultz<br>Parr Richey Obremskey Frandsen & Patterson LLP<br>201 N. Illinois Street, SUite 300<br>Indianapolis, IN 46204<br>317-269-2500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/21/2013, Expected Purge Date: 10/26/2013<br>Image SOP<br>Email Notification, Bill Howard Bill.j.howard@fritolay.com<br>Email Notification, Marc Kesselman marc.kesselman@fritolay.com<br>Email Notification, Pepsop Intakeparalegal PEPSOPintakeparalegal@pepsico.com<br>Email Notification, Erika Greenberg Erika.greenberg@pepsico.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 150 West Market Street<br>Suite 800<br>Indianapolis, IN 46204 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / LS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

SHERRI N CREWS
CLINTON COUNTY CLERK'S OFFICE
265 COURTHOUSE SQ
FRANKFORT, IN 46041-1993

**Attention Carrier on Route #C010**

This piece is being monitored for Delivery and Scanning accuracy



First Class Mail®

Non-Machinable Parcel

12c01-1310-ct844



| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CLINTON CIRCUIT/SUPERIOR COURT |
| | ) SS: | 12C01 1310 CT 000844 |
| COUNTY OF CLINTON | ) | CAUSE NO. _____ |

| | |
|---|---|
| JACKIE SHEETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRITO-LAY, INC., | ) |
| | ) |
| Defendant. | ) |

**FILED**

OCT 1 4 2013

*Sheri N. Craws*
CLERK OF CLINTON CO.
CIRCUIT COURT

## SUMMONS

TO DEFENDANT:   Frito-Lay, Inc.
c/o CT Corporation System, Registered Agent
150 W. Market Street, Suite 800
Indianapolis, IN  46204

    You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.
    The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.
    An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.
    If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  OCT 1 6 2013

*Sheri N. Craws*
Clerk, Clinton Circuit & Superior Courts

**Attorney for Plaintiff:**

Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
  & PATTERSON LLP
201 N. Illinois Street, Suite 300
Indianapolis, IN  46204
Telephone:    (317) 269-2500
Facsimile:    (317) 269-2514

**Clerk Information:**

265 Courthouse Square
Frankfort, IN 46041

The following manner of service of Summons is hereby designated:

__X__ Registered or Certified Mail
_____ Service on individual at above address: County _____
_____ Service on agent: (specify) _____
_____ Service by Publication

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2013 I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Frito-Lay, Inc., by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____        _____
                                    Clerk, Clinton Circuit & Superior Courts

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the _____ day of _____ 2013.

I hereby certify that the attached return receipt was received by me on the _____ day of _____ 2013, showing that the summons and a copy of the Complaint was returned not accepted.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the _____ day of _____ 2013.

_____
Clerk, Clinton Circuit & Superior Courts

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____        _____
                                    Signature of Defendant

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____ day of _____ 2013.
(2) By leaving a copy of the Summons and a copy of the Complaint:
    a) at the dwelling place or usual place of abode of the Defendant
    b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed on the Summons, the last known address of the Defendant.

Sheriff of _____ County, Indiana
By: _____

517593

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CLINTON CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF CLINTON | ) | CAUSE NO. 12C01 1310 CT 000844 |

JACKIE SHEETS,

    Plaintiff,

v.

FRITO-LAY, INC.,

    Defendant.

**FILED**

**OCT 14 2013**

Sheri N. Crews
CLERK OF CLINTON CO.
CIRCUIT COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Jackie Sheets, and for her Complaint against Defendant, Frito-Lay, Inc., alleges as follows:

### Nature of the Case

1. This is an action at law and equity for damages and injunctive relief by Plaintiff, Jackie Sheets (hereinafter "Sheets" or "Plaintiff"), against Defendant, Frito-Lay, Inc. (hereinafter "Frito-Lay" or "Defendant") for injury to her person, income, and property caused by the wrongful acts of Defendant.

2. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq., 104 Stat. 327 (1990) (Pub. L. 101-336), as amended by the ADA Amendments Act of 2008 (Pub. L. 110-325), and also pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and, in particular, pursuant to the enforcement provisions of the FMLA codified at 29 U.S.C. § 2617. Plaintiff's identification of these remedial statutes is not intended to limit in any way Plaintiff's right to rely on other laws or legal theories that may apply under the circumstances of her wrongful termination and Plaintiff specifically reserves the right to rely on other applicable laws or legal theories.

3. Because Defendant's actions against Sheets were taken with actual malice and/or reckless indifference to Sheets' federally protected rights, Defendant is subject to an award of punitive damages pursuant to 42 U.S.C. §1981a(b)(1).

## Jurisdiction and Venue

4. At all relevant times Plaintiff performed work for Defendant within Clinton County, and Defendant routinely conducts business in Clinton County, Indiana. All the events giving rise to this cause of action occurred within or related to the employment relationship between Plaintiff and Defendant.

## Parties

5. Plaintiff, Jackie Sheets, was at all times relevant to this suit a citizen of the State of Indiana and resided at 9512 East County Road 600 North, Forest, Indiana 46039.

6. Defendant, Frito-Lay, Inc., conducts business in the State of Indiana, including Clinton County, and at all relevant times maintained offices and a manufacturing facility at 165 S. County Road 300 West, Frankfort, Indiana 46041. Defendant is a for-profit foreign corporation incorporated in the State of Delaware, and its corporate address is listed with the Indiana Secretary of State's office as 7701 Legacy Drive, Plano, Texas 75024. Defendant's registered agent for service of process in Indiana as listed with the Indiana Secretary of State's office is CT Corporation System, 150 West Market Street Suite 800, Indianapolis, Indiana 46204.

## Factual Allegations

7. At all times relevant to this Complaint, Plaintiff was an "employee" of Frito-Lay within the meaning of the ADA and the FMLA.

2

8. At all times relevant to this Complaint, Frito-Lay was an "employer" within the meaning of the ADA and the FMLA.

9. At all times relevant to this Complaint, Sheets' work performance met or exceeded Defendant's legitimate expectations.

10. Frito-Lay terminated Sheets' employment on or about August 21, 2012.

11. Prior to terminating her employment, Frito-Lay refused to communicate with Plaintiff regarding her request for a reasonable accommodation and refused to even consider her request for a reasonable accommodation for her disability.

12. At the time it terminated Plaintiff, Frito-Lay had a history, and/or a policy, of refusing to engage in the interactive process with, and refusing to accommodate, employees who had any work restrictions or limitations.

13. Plaintiff was, in fact, denied an accommodation she had requested from Frito-Lay.

14. Plaintiff timely exhausted all of her administrative remedies, and then timely filed a Charge of Discrimination against Frito-Lay with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge generally included allegations of discrimination and retaliation in violation of the ADA.

15. On or about July 30, 2013, Sheets received a Notice of Right to Sue from the EEOC. This Complaint is timely filed.

16. Frito-Lay denied Plaintiff's request for a reasonable accommodation.

17. Frito-Lay terminated Plaintiff because of her disability.

18. Frito-Lay terminated Plaintiff because she had taken advantage of her rights under the FMLA and/or because Frito-Lay sought to prevent Plaintiff from becoming eligible for additional protected leave.

19. Frito-Lay retaliated against Plaintiff either because of her request for a reasonable accommodation, or because she exercised her rights under the FMLA, or because she made known her desire to exercise her FMLA rights in the future, or because of some combination of these illegal motives.

20. As a direct and proximate result of Frito-Lay's unlawful, malicious, willful, retaliatory and discriminatory actions, Sheets has suffered lost wages, salary, employment benefits, related financial losses, physical pain and suffering, and emotional distress.

### Count I: Discrimination in Violation of ADA

21. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

22. At all times relevant Sheets was a qualified individual with a disability within the meaning of the ADA; Frito-Lay regarded Sheets as disabled; and, Sheets had a record of having an impairment that substantially limited one or more of her major life activities, of which Frito-Lay was aware.

23. Frito-Lay failed and refused to engage in the interactive process with Sheets, failed to make or even consider reasonable accommodations for her, and ultimately terminated her employment because of her disability or perceived disability.

24. Sheets was at all relevant times capable of performing the essential functions of her position with Frito-Lay with or without accommodation.

25. As a result of Frito-Lay's wrongful, intentional, willful and wanton actions and omissions described herein, Sheets has suffered loss of income and benefits, severe emotional distress, and other significant injury to both her property and her person.

## Count II:  Retaliation in Violation of ADA

26. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

27. Plaintiff engaged in conduct protected by the anti-retaliation provisions of the ADA codified at 42 U.S.C. §12203.

28. Defendant retaliated against Plaintiff for having engaged in protected conduct, including, without limitation, for her having sought accommodation for her known disabilities or for otherwise having exercised her rights under the ADA.

29. As a result of Frito-Lay's wrongful, intentional, willful and wanton actions and omissions described herein, Sheets has suffered loss of income and benefits, severe emotional distress, and other significant injury to both her property and her person.

## Count III:  FMLA Violations

30. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

31. Due to her disabilities, Plaintiff was required to take leave from work.  Such leave was protected by the Family and Medical Leave Act.

32. Frito-Lay terminated Plaintiff's employment in retaliation for her having exercised or having attempted to exercise protected rights under the FMLA and to prevent Plaintiff from further exercising those protected rights, all in violation of 29 U.S.C. § 2615(a).

33. Frito-Lay's conduct in terminating Plaintiff's employment in order to retaliate against her for having exercised a protected right was willful, wanton, and malicious, and constituted a "willful violation" of 29 U.S.C. § 2615 within the meaning of 29 U.S.C. § 2617(c)(2).

34. As a direct and proximate result of Defendant's retaliatory and malicious conduct, Plaintiff has suffered lost wages, salary, employment benefits, and other related financial harms.

### Relief Requested

WHEREFORE, Plaintiff, by counsel, respectfully requests the following relief:

A. Special damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendant's above-described actions;

B. Interest on the amount awarded as special damages calculated at the prevailing rate, including both pre- and post-judgment interest where appropriate;

C. Compensatory damages;

D. Liquidated and/or punitive damages;

E. Damages to compensate Sheets for mental anguish and emotional distress;

F. Reasonable attorneys' fees, expert witness fees, and other costs of this action; and

G. All other just and proper relief to which Plaintiff is entitled.

Respectfully submitted this 14th day of October, 2013.

By _____
Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
& PATTERSON LLP
201 N. Illinois Street, Suite 300
Indianapolis, IN 46204
Telephone:   (317) 269-2500
Facsimile:   (317) 269-2514
E-mail:      mschultz@parrlaw.com

Attorneys for Plaintiff, Jackie Sheets

## DEMAND FOR JURY TRIAL

Plaintiff, Jackie Sheets, by her undersigned counsel, hereby requests a trial by jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

_____
Michael L. Schultz

516964

7